UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVERY JACOB POLLOCK,<br><br>       Plaintiff,<br><br>       v.<br><br>BERKSHIRE COUNTY HOUSE OF<br>CORRECTIONS and<br>GOODWORDNEWS.COM,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 23-30131-KAR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

ROBERTSON, U.S.M.J.

Upon review of Plaintiff's motion and other filings, the Court hereby orders:

1.      The motion to waive the filing fee is DENIED.  Although a state trial court (such as the Massachusetts Superior Court) may have authority to waive a filing fee under Massachusetts law, this Court—a federal trial court—does not have authority under federal law to waive the $350 statutory filing fee in a federal court when the plaintiff is a pretrial detainee or sentenced prisoner.  Congress has mandated that prisoner plaintiffs pay the statutory $350 filing fee over time if they are unable to pay the entire amount at the commencement of the action.  Furthermore, the Court cannot delay the collection of the fee.  This means that the initial partial filing fee of $18.50 is due in full immediately (although the case will still go forward if the prisoner doesn't have enough money to pay the initial partial filing fee, *see* 28 U.S.C. § 1915(b)(3)).  Once the initial partial filing fee is paid, the prisoner is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account."  28 U.S.C. § 1915(b)(2).

2.      Plaintiff has asked that the court provide him with the address for goodwordnews.com so that he can ask the United States Marshals Service to complete service on this defendant.  The Court does not conduct research to provide service addresses.  That is Plaintiff's responsibility.  If Plaintiff cannot identify a service address for goodwordnews.com, he should nonetheless complete service on the other defendants.

3.      Plaintiff has asked that the Court appoint an attorney for him.  Plaintiff does not have a constitutional right to an attorney in this civil action and the Court has no funds to pay attorneys to represent indigent litigants in civil cases.  The court has denied this motion (Dkt. No. 25) and Plaintiff has presented no reason why the court should reconsider this ruling.

4.      Plaintiff has requested copies of the "3 Separate Amended Complaints" he sent involving events at the Berkshire County House of Correction and the "1 Amended Complaint" regarding goodwordnews.com.  Plaintiff has not complied with the Court's instructions about filing an amended complaint.  Plaintiff was directed to file one amended complaint concerning all the issues involving Berkshire County House of Correction and one amended complaint concerning goodwordnews.com.  To keep this case moving and put the defendants on notice of the claims against them, the Court will allow Plaintiff to serve Docket Entry 5 (concerning leg injury) and Docket Entry 9 (concerning oral surgery and interference with legal mail) on the BCHC defendants.  Plaintiff must arrange for service on each defendant.

5.      Plaintiff has filed a "Motion to Counter Defendants Motion to Correction Tracking Order." (Doc. No. 29).  This Court does not use a tracking order system. The Court assumes Plaintiff meant to direct the motion to the state court.   Accordingly, the motion will be terminated as moot on this Court's docket.

6.      The Clerk shall provide Plaintiff with copies of Docket Entries 5, 9, and 19.

7.      The deadline for completing service of summons and the amended complaints is extended to October 7, 2024.  Plaintiff must provide a copy of this order to the USMS and the parties so that they know the service deadline has been extended.  If Plaintiff does not meet this service deadline, his action may be dismissed.


SO ORDERED.

 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  August 7, 2024