UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AVERY JACOB POLLOCK,<br><br>　Plaintiff,<br><br>　　v.<br><br>BERKSHIRE COUNTY JAIL AND HOUSE OF CORRECTION, et al,<br><br>　Defendants. | Civil Action No. 23-30131-MGM |

MEMORANDUM AND ORDER
(Dkt. Nos. 53 & 56)
June 2, 2025

MASTROIANNI, U.S.D.J.

　　Avery Jacob Pollock ("Plaintiff"), acting pro se, filed his initial complaint in this action on December 12, 2023. (Dkt. No. 1.) In a single complaint, he sought damages from Berkshire County Jail and House of Correction ("BCHC") and goodwordnews.com. He claimed BCHC was liable for injuries he suffered (1) while using the weight room at BCHC and (2) when he was denied medical care while incarcerated at BCHC. Separately, Plaintiff claimed goodwordnews.com had published an article on the internet falsely stating Plaintiff had molested his baby. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. Magistrate Judge Robertson denied the motion for leave to proceed *in forma pauperis* and identified several deficiencies in Plaintiff's complaint. She granted Plaintiff thirty-five days to file an amended complaint that remedied the pleading deficiencies. (Dkt. No. 4.) Plaintiff filed an amended complaint and, a week later, filed two separate amended complaints, which were docketed together as Plaintiff's Second Amended Complaint. (Dkt. No. 9.) In the second filing, Plaintiff alleged BCHC medical staff, including provider Kelly Streit, denied him pain medication following oral surgery and also that BCHC Superintendent Brad Little and Berkshire County Sheriff

1

Bowler had interfered with his legal mail. (*Id.* at 1-4.) In the second document captioned as an amended complaint, Plaintiff asserted a defamation claim against goodwordnews.com. (*Id.* at 5.)

Magistrate Judge Robertson reviewed the amended complaints, directed the clerk to issue a summons for each defendant, and advised Plaintiff regarding the steps necessary to effect service. (Dkt. No. 13.) Plaintiff completed service on the BCHC defendants on January 27, 2025. He has not served Good Word News and has reported to the court that he has been unable to obtain the information needed to complete service. (Dkt. No. 55.)

The BCHC defendants filed a motion to dismiss on February 20, 2025.[1] Plaintiff responded to the motion in a letter addressed to the court and docketed on March 6, 2025. Although the court has denied several motions in which Plaintiff asked the court to appoint counsel to assist him, Plaintiff filed another motion to appoint counsel on April 15, 2025. For the reasons that follow, the court will deny Plaintiff's motion to appoint counsel, dismiss the claims against Good Word News for failure to make service, and grant the BCHC defendants' motion to dismiss.

A.  **Special Considerations Applicable to Pro Se Plaintiffs**

"Our judicial system zealously guards the attempts of pro se litigants on their own behalf." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Recognizing the difficulties pro se plaintiffs face, the courts construe pro se complaints liberally. *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 75 (1st Cir. 2014). "However, pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed*, 118 F.3d at 890. Like other plaintiffs, "even a pro se plaintiff is required 'to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Adams v. Stephenson*, 116 F.3d 464 (1st Cir. 1997)

---

[11] In their motion, the BCHC defendants note BCHC is not an entity that can be sued and that any claims against the facility should be construed as claims against the Berkshire County Sheriff's Office, which operates BCHC.

2

(unpublished table decision) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988). Holding all plaintiffs, including pro se plaintiffs, to this standard is necessary to ensure every defendant is "afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez*, 377 F.3d 119, 123 (1st Cir. 2004) (internal quotations omitted).

### B. Motion to Appoint Counsel

As the court has previously explained, civil plaintiffs lack a constitutional right to free counsel. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). There is no mechanism that allows the court to appoint and compensate counsel to represent indigent civil litigants. The court's authority is limited under 28 U.S.C. s. 1915(e)(1), to "requesting an attorney to represent any person unable to afford counsel." Few attorneys are willing to take on the time, expense, and responsibility for providing full representation to individuals who file pro se complaints, and the court cannot compel any particular attorney to accept any particular case on a pro bono basis. For these reasons, the court denies Plaintiff's Motion to Appoint Counsel. (Dkt. No. 56.)

### C. Failure to Serve Good Word News

Pursuant to Local Rule 4.1, the clerk is required to automatically enter an order of dismissal for failure to effect service of process within 104 days after the summons is issued. Litigants proceeding *in forma pauperis* may request the United States Marshals serve the summons and complaint. On January 28, 2025, the court extended the time for Plaintiff to effect service based on his representations that he had submitted all required documentation to the United States Marshals in September 2024. Although the BCHC defendants have been served, Plaintiff concedes he cannot provide the United States Marshals with the information required to serve Good Word News.

3

Plaintiff's claims against Good Word News are, therefore, dismissed without prejudice for failure to effect service of process.

### D.      Motion to Dismiss

The BCHC defendants have moved for dismissal both because the court lacks subject matter jurisdiction and because Plaintiff's complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). The court turns first to BCHC's contention that the court lacks jurisdiction. Federal courts are courts of limited jurisdiction, only able to hear cases when there is subject matter jurisdiction. Plaintiff's Second Amended Complaint did not identify a basis for subject matter jurisdiction, but in his initial complaint he provided information in a section of the form that must be completed only when a plaintiff is invoking diversity jurisdiction. (Compl., Dkt. No. 1 at 3.) Diversity jurisdiction only exists where all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff acknowledged in his complaint that he is a citizen of Massachusetts and he is suing the Massachusetts facility where he is incarcerated, together with individuals who work there. (*Id.*) Based on these facts, the court lacks diversity jurisdiction. Federal question jurisdiction exists where the complaint includes claims that arise under federal law. 28 U.S.C. § 1331. Although Plaintiff did not specifically invoke federal question jurisdiction, the court construes his claims against the BCHC defendants as brought pursuant to a federal statute, 42 U.S.C. § 1983, and concludes that federal question jurisdiction exists in this case.

Having determined that the court has jurisdiction over the claims Plaintiff brings against the BCHC defendants, the court turns to the BCHC defendants' alternate basis for dismissal, failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, a complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations in the complaint must "nudge[] [the] claims across

the line from conceivable to plausible." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. *See San Gerónimo Caribe Project, Inc. v. Acevedo-Vilá*, 687 F.3d 465, 471 (1st Cir. 2012). "Determining whether a complaint states a plausible claim for relief" is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Read liberally and construed in the light most favorable to Plaintiff, his complaints assert claims against BCHC and individuals employed there. BCHC is operated and managed by the Berkshire County Sheriff's Office, which is a state agency entitled to sovereign immunity. *See Doan v. Bergeron*, No. 15-CV-11725-IT, 2016 WL 5346935, at *5 (D. Mass. Sept. 23, 2016); *see also Talley v. Berkshire Cnty. House of Correction*, No. 12-CV-30138-MAP, 2013 WL 5012942, at *5 (D. Mass. Sept. 11, 2013) (explaining that the Massachusetts legislature abolished counties in 1999 and assumed operation and management over jails and houses of correction previously operated by counties). State agencies are not persons subject to liability under § 1983 and the doctrine of sovereign immunity bars suits brought in federal court asserting claims under § 1983 against states, their agencies, and their employees sued for acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64-66, 71 (1989) (explaining that § 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" and that states, as well as employees sued in their official capacity, are not "persons" subject to suit under § 1983). For these reasons, Plaintiff's claims against BCHC and his official capacity claims against the individual defendants are dismissed with prejudice.

Finally, to the extent Plaintiff seeks to assert claims under § 1983 against the individual defendants in their personal capacities, his allegations fail to state claims for which relief can be granted. With respect to medical provider Kelly Streit, Plaintiff alleged in his Second Amended Complaint that he had four wisdom teeth removed, the oral surgeon prescribed Percocet for pain, and Kelly Streit would not dispense the prescribed Percocet after he returned to BCHC following the tooth extraction. A nurse later provided him with alternative pain medication, but he contends the medication did not ease his pain. Plaintiff has alleged that he endured significant pain because he was denied the prescribed Percocet, but he has not alleged that he suffered any lasting harm. After filing his Second Amended Complaint, Plaintiff filed a document he captioned as an amended complaint in which he added factual allegations related to his alleged weight room injury. In that filing he stated that Streit denied him a lower bunk and physical therapy following the injury. Although he alleged that he continues to have pain and a scar from that injury, he does not allege any lasting loss of function following his accident. Plaintiff stated: "I do not feel as though I am being handled with much sensitivity in regard to" his ongoing pain, but he has not alleged any actions by Streit that suggest her decisions were motivated by a desire to punish Plaintiff.

"To succeed on an Eighth Amendment claim based on inadequate or delayed medical care, a plaintiff must satisfy both a subjective and objective inquiry: he must show first, that prison officials possessed a sufficiently culpable state of mind, namely one of 'deliberate indifference' to an inmate's health or safety, and second, that the deprivation alleged was objectively, sufficiently serious." *Leavitt v. Correctional Medical Services, Inc.*, 645 F.3d 484, 497 (1st Cir. 2011). Deliberate indifference by prison officials "may be shown by the denial of needed care as punishment and by decisions about medical care made recklessly with actual knowledge of impending harm, easily preventable." *Id.* (internal quotations omitted). "[S]ubpar care amounting to negligence or even malpractice does not give rise to a constitutional claim." *Id.* Plaintiff's allegations against Streit fall short of establishing the type of

6

deliberate indifference to Plaintiff's health or safety necessary to show cruel and unusual punishment in violation of the Eighth Amendment.

## II.   CONCLUSION

For the foregoing reasons, the court hereby ALLOWS Defendant's Motion to Dismiss (Dkt. No. 53) and DENIES Plaintiff's Motion to Appoint Counsel (Dkt. No. 56). This case may now be closed.

It is So Ordered.

   /s/ Mark G. Mastroianni   
MARK G. MASTROIANNI
United States District Judge